## August Jernberg v. Robert F. Mix.

1. MALICE—*When the Gist of the Action.*—In an action against a banker to recover the value of certain checks deposited with him, a special finding of the jury that he had a fraudulent intent to receive such checks and convert them to his own use, applies to a count charging that he accepted them for deposit, maliciously intending to cheat and defraud the plaintiff, and is sufficient upon which to enable the court to find that malice was the gist of the action.

2. BANKS AND BANKING—*What is a Prima Facie Case of Fraud.*— Proof in a civil case of the reception of deposits by a banker when insolvent, and one day before suspension, makes a *prima facie* case of fraud.

Application for a discharge from jail under the insolvent act. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This cause originated on a petition filed by appellant in the County Court, setting up that he was detained in the custody of the sheriff of Cook county in the common jail, under a writ of *capias ad satisfaciendum* issued from the Superior Court in a cause wherein Robert F. Mix was plaintiff and petitioner was defendant; that malice was

not the gist of the action in said cause; that petitioner was willing to submit to the court a complete schedule in accordance with the insolvent debtor's act, and praying to be discharged in accordance with that act.    The plaintiff in the Superior Court, appellee here, appeared in response to notice duly served upon his attorneys, and opposed the discharge.    Upon the hearing it was made to appear by stipulation that at the time of filing the petition, petitioner was detained in custody under a writ of *capias ad satisfaciendum* issued from the Superior Court upon a judgment rendered in a cause wherein Robert F. Mix was plaintiff and petitioner was defendant; that the declaration in that cause originally consisted of two counts in trover, the first count averring conversion by defendant of $1,225, and the second count averring conversion by defendant of two checks of the plaintiff, one for $1,058.53 and one for $166.67.

About eight months after filing the original declaration there was filed in the Superior Court cause, a paper indorsed, "Add. Counts," which began: "Plaintiff by leave of court amends his declaration and complains of August Jernberg, defendant, of a plea of trespass on the case."    This count avers that "on, to wit, the 8th day of June, 1893, the defendant and one William V. Griffin were doing a general banking business; that on, to wit, the 8th day of June, plaintiff was lawfully possessed of certain checks, to wit, one check for the sum of $1,058.53, and one check for the sum of $166.67, said checks being of the value of $1,225.60, and being so possessed, plaintiff, on, to wit, the 8th day of June, 1893, deposited the said checks with defendant, and that defendant, doing business as aforesaid, accepted for deposit the checks above described, maliciously intending thereby then and there to cheat and defraud the plaintiff herein; and afterward, to wit, on the 9th day of June, 1893, the said defendant made a voluntary assignment for the benefit of his creditors of all of said banking business, whereby said checks were wholly lost to plaintiff, to the damage," etc.

A demurrer to this count having been overruled, defendant pleaded the general issue, and the cause having been submitted to a jury, the defendant was found guilty and plaintiff's damages assessed at $1,119.07. The jury also returned an affirmative answer to the question submitted: "Did the defendant have the fraudulent intent to receive and convert to his own use deposits in the bank at the time the checks in evidence were deposited by the plaintiff on the morning of June 8, 1897?"

Counsel for appellant say: "The only question raised in the County Court, and, as we consider, the only question now before this court, is whether, in the absence of any evidence in the County Court other than the record of the cause in the Superior Court, the County Court was authorized to say that malice was the gist of the action in the Superior Court." The County Court refused to discharge appellant.

DENEEN & HAMILL, attorneys for appellant.

C. PORTER JOHNSON and D. I. JARRETT, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant asking to be discharged upon the record of the Superior Court in the cause wherein judgment was rendered against him, we are led at once to an examination of that record. In this, one of the three counts specifically charged that the plaintiff therein on the 8th day of June, 1893, deposited with appellant, who was then doing a general banking business in Chicago, two checks, one for $1,058.53 and one for $166.67, said checks being of the value of $1,225.60, of which the plaintiff was lawfully possessed as of his own property; and that the said appellant, doing business as aforesaid, accepted for deposit the said checks maliciously, intending then and there to cheat and defraud "the plaintiff herein," and that on the 9th day of June the said appellant failed and suspended in business and made a voluntary assignment for the benefit of creditors.

To this count the appellant demurred, which demurrer being overruled, he filed a plea of the general issue, and the cause went to trial. At the trial there was submitted to the jury the following special interrogatory : " Did the defendant have the fraudulent intent to receive and convert to his own use deposits in the bank at the time the checks in evidence were deposited by the plaintiff on the morning of June 18, 1897 ?" To this the jury in their verdict replied, " Yes."

We have thus in the record a direct charge that appellant did, as a banker, receive on deposit two checks of the value of $1,225.66, maliciously intending then and there to cheat and defraud appellee; which charge being denied by appellant, the issue thus formed was submitted to a jury for a special answer thereon, and that having heard the evidence the jury found that appellant did have the fraudulent intent to receive and convert to his own use deposits in the bank at the time the said checks were deposited by the plaintiff.

It can therefore not be said that the jury may have found appellant guilty only upon the counts in trover; their special finding applies to the additional count charging malice, and applies to nothing else.

The statute provides for special findings by a jury upon material questions of fact, and also declares that when the special finding of fact is inconsistent with the general verdict the former shall control the latter and the court may render judgment accordingly. Sec. 58a and 58b, Chap. 110, Hurd's R. S.

That proof in a civil case of the reception of deposits by a banker when insolvent, and one day before suspension, makes a *prima facie* case of fraud, was held by the Supreme Court in Trust and Savings Bank v. Manufacturer's Bank, 150 Ill. 336–340.

Appellant urges that the special verdict was not in response to a material question.

In a case wherein a charge of fraudulent dealing in business matters is made, and the action is such that neither

verdict nor judgment can be had except upon proof of fraud, whether the defendant did practice the fraud charged is a material question. Such was the case in the trial in which the special verdict against appellant was rendered.

Upon the additional count no verdict could be rendered against the defendant save upon proof of the fraudulent conduct charged in that count. The question specially answered was material and vital.

We do not think that it can be reasonably urged that the verdict is merely that appellant had an intention to fraudulently convert to his own use "deposits," and that appellant may not have intended to so use the deposit of appellee. Verdicts are not subject to hypercriticism. The declaration charged an intent to defraud appellee.

The County Court properly refused to discharge appellant, and its action in that regard is affirmed.